# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GILBERT MONTANO** | CIVIL NO. 25-1110 |
| PLAINTIFF | |
| VS. | TORT CIVIL ACTION, PERSONAL INJURY, FALSE IMPRISONMENT, INFLICTION OF EMOTIONAL DISTRESS, MEDICAL MALPRACTICE |
| **UNITED STATES OF AMERICA; DOUG COLLINS, in his Official Capacity as Secretary of the Department of Veterans Affairs of United States of America; DEPARTMENT OF VETERANS AFFAIRS OF UNITED STATES OF AMERICA; INSURANCE COMPANY XYZ; COMPANY ABC; JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, Gilbert Montano** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

## PRELIMINARY STATEMENT

1. Plaintiff files this claim against the United States of America ("USA"), the Department of Veteran Affairs ("VA") (jointly "Defendants") seeking compensatory damages to redress the Plaintiff's pain and suffering as well as mental anguish. The Plaintiff's damages were caused by the exclusive and inexcusable negligence of a doctor and other employees of the Defendants when they did the following: 1) Plaintiff suffered physical damages when he was negligently diagnosed by the doctor and by other employees who used excessive force to

physically restrain the Plaintiff, in which he was injected with tranquilizers, restrained both his arms and legs, punched in face, kneed in the back and other injuries, and 2) Plaintiff suffered emotional damages based on the negligent diagnosis which led him to be restrained and isolated against his will for a period of approximately one week. After being restrained and isolated against his will for a period of approximately one week, another doctor of the Defendants evaluated the Plaintiff and admitted to the Plaintiff that he was diagnosed incorrectly, thereby allowing the Plaintiff to leave the premises of the Defendants. Therefore, the Defendants are liable for the physical and emotional injury sustained by the Plaintiff as well as any other foreseeable event.

2. Plaintiff hereby brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346 (b), *et seq*, seeking compensatory damages to redress his pain and suffering as well as mental anguish, which was caused by the negligence of the Defendants. Additionally, the Plaintiff hereby brings this action pursuant to the Puerto Rico's Civil Code ("PRCC").

3. As a direct consequence of the acts and/or omissions set forth herein, Plaintiff suffers and continues to suffer damages which include, but are not limited to, pain and suffering, emotional distress, and mental duress, among other things. The Defendants are jointly and severally liable to the Plaintiffs for the damages alleged herein.

## JURISDICTION AND VENUE

4. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to FTCA, 28 U.S.C. 1346 (b), *et seq*.

5. Pursuant to 28 U.S.C. sec. 1391, venue is proper in the District of Puerto Rico because a substantial part of the events or omissions giving rise to the claim occurred within this

judicial district.

6.     Before filing this instant case, Plaintiff tolled the statute of limitations and exhausted administrative remedies pursuant to the FTCA, 28 U.S.C. 2675. Specifically, the Plaintiff filed his claim before the appropriate Federal Agency, the VA, on April 8th, 2024. The VA informed the Plaintiff that he should allow the VA six months to investigate the claim and that the Plaintiff may file his timely Complaint after the six months have elapsed. Plaintiff thus filed this timely Complaint after the six months have elapsed and before April 8th, 2025, the date the Plaintiff tolled this action.

7.     Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

8.     Plaintiff Gilbert Montano ("Plaintiff") is of legal age, domiciled and resident of San Juan, Puerto Rico. Plaintiff's physical and postal address is the following: 9 Manuel Rodriguez Sierra St., Apt. 2E, San Juan, PR, 00907. Plaintiff's e-mail address is gmontano45@yahoo.com. Plaintiff's mobile number is 559-253-3528.

9.     Defendant, the United States of America ("USA") is organized and existing under the constitution and laws of the United States of America.  The principal office of USA is located in United States Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530. The local office of USA is located in United States Department of Justice, District of Puerto Rico, Torre Chardon Suite 1201350 Carlos Chardon St., San Juan, PR 00918. Plaintiff reserves the right to amend the Complaint once more information is discovered.

10.     Defendant, Doug Collins, is the Secretary of the Department of Veterans Affairs of the United States of America. His current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

11. Defendant, Department of Veterans Affairs, ("VA") is a United States Agency Administration. The Agency is system formed to provide benefits to military veterans. The principal office of the Agency is located in 810 Vermont Ave. NW, Washington, DC 20420. The local office of the Agency is located in 10 Casia Street, San Juan, PR 00921-3201. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12. Co-Defendant Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendants at the time of the incidents described herein, specifically to cover said claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' tortious acts of which Plaintiffs are complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendants John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' tortious acts of which Plaintiffs are complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

15. The Plaintiff is a veteran of the USA.

16. The Plaintiff is a beneficiary of the services of the VA.

17. On prior occasions, the Plaintiff would go to the VA to seek consultation and

treatment, related to his psychiatric condition.

18.     On those prior occasions, the Plaintiff would be assisted by a psychiatrist whom will later prescribe certain medications to the Plaintiff.

19.     At no time during these prior occasions, was the Plaintiff ever diagnosed as having suicidal thoughts and in danger of hurting himself or other people.

20.     On June 1st, 2023, the Plaintiff went to the VA to voluntarily seek consultation for that specific day with a psychiatrist.

21.     This time, the Plaintiff was attended by Dr. Cristina B. Santiago-Loza ("Dr. Santiago").

22.     Prior to being attended by Dr. Santiago, the Plaintiff was asked questions by an intake nurse if he had suicidal thoughts, or thoughts about hurting himself or other people. The Plaintiff denied that he had suicidal thoughts, or thoughts about hurting himself or other people.

23.     Afterwards, Dr. Santiago asked the Plaintiff the same questions regarding whether he had suicidal thoughts, or thoughts about hurting himself or other people. The Plaintiff again denied that he had suicidal thoughts, or thoughts about hurting himself or other people.

24.     However, Dr. Santiago negligently diagnosed that the Plaintiff was having suicidal thoughts and that the Plaintiff was going to hurt himself.

25.     The Plaintiff asked Dr. Santiago why she was negligently diagnosing that the Plaintiff was suffering from suicidal thoughts and that the Plaintiff was going to hurt himself, when the Plaintiff denied the same.

26.     However, Dr. Santiago rebuffed Plaintiff's questions, did not answer Plaintiff's inquires and instead immediately called other staff members to apprehend the Plaintiff and involuntarily hospitalize him against his will at the VA's psych ward.

27. Dr. Santiago negligently issued a medical order to restrain the Plaintiff against his will for approximately fifteen (15) days.

28. Due to the negligent medical order to restrain the Plaintiff, the VA Staff immediately seized the Plaintiff by physically restraining him against his will.

29. Due to the negligent medical order to restrain the Plaintiff, the VA Staff started taking the Plaintiff's clothes off and injected him with tranquilizers even though he was not being violent.

30. Due to the negligent medical order to restrain the Plaintiff, the VA Staff restrained the Plaintiff with leather straps on all four limbs on a stationary bed.

31. Due to the negligent medical order to restrain the Plaintiff, the VA Staff even punched the Plaintiff in the face, put the Plaintiff in a chokehold and put a knee on the Plaintiff's back, even though the Plaintiff was not being violent.

32. During this whole time, the Plaintiff did not understand why he was being restrained when he only spoke with Dr. Santiago for around approximately minute answering no to her questions regarding whether the Plaintiff was suffering from suicidal thoughts and whether the Plaintiff was going to hurt himself.

33. During this whole time that the VA Staff seized the Plaintiff by physically restraining him against his will, the Plaintiff was not being aggressive and was trying to communicate to the VA Staff through a calm tone of voice that they were negligently holding him against his will in light to a negligent medical order.

34. The Plaintiff suffered physical injuries on his face, his shoulders, his arms, his legs and his back due to the negligent medical order to restrain the Plaintiff.

35. That evening the Plaintiff was placed in an open area within the VA while he was

6

still restrained with leather straps on all four limbs on a stationary bed.

36. Afterwards, the Plaintiff was moved to a psych ward of the VA, where he was isolated in a room alone.

37. After the tranquilizers passed, the Plaintiff tried to leave the psych ward of the VA, but was unable to.

38. The Plaintiff spent approximately one week in the psych ward of the VA, unable to leave out of his volition.

39. The Plaintiff was not treated by any nurses.

40. In fact, the nurses mistreated the Plaintiff by telling the Plaintiff that if he refused to speak in Spanish, he will not receive any treatment.

41. The Plaintiff's native tongue is English and he does not speak Spanish.

42. Approximately five (5) days later, on June 5th, 2023, the Plaintiff spoke with the main doctor of the psych ward of the VA, Dr. Ronaldo Irizary-Acevedo ("Dr. Irizarry").

43. During Plaintiff's conversation with Dr. Irizarry, the Plaintiff explained to Dr. Irizarry his interaction with Dr. Santiago and his position that he was negligently diagnosed to be involuntarily hospitalized against his will.

44. Dr. Irizarry admitted to the Plaintiff that he did not understand why the Plaintiff was admitted to the psych ward of the VA, after Dr. Irizarry spoke with the nurse and reviewed the Plaintiff's file.

45. Dr. Irizarry indicated to the Plaintiff that there was no reason to keep the Plaintiff in the psych ward of the VA.

46. Dr. Irizarry made a new medical order that override the medical order of Dr. Santiago in order to release the Plaintiff from the involuntary hospitalization at the psych ward of

the VA.

47. Dr. Irizarry admitted to the Plaintiff that Dr. Santiago erred in her medical diagnosis and he understood that the Plaintiff's involuntary hospitalization at the psych ward of the VA was blown out of proportion.

48. On that same date, June 5th, 2023, the Plaintiff was released from the psych ward of the VA.

49. The Plaintiff understands that his physical pain and injuries that suffered with his illegal seizure against his will by the VA Staff was caused by the negligent medical order to restrain the Plaintiff issued by Dr. Santiago on June 1st, 2023.

50. The Plaintiff understands that his depression and emotional distress that suffered with his illegal seizure against his will by the VA Staff was caused by the negligent medical order to restrain the Plaintiff issued by Dr. Santiago on June 1st, 2023.

51. The Defendants had a duty to protect the Plaintiff from any particular injury, such avoiding a negligent diagnosis of the Plaintiff.

52. The Defendants breached their duty to protect the Plaintiff from any particular injury, when Dr. Santiago made a negligent diagnosis of the Plaintiff and issued a negligent medical order to restrain the Plaintiff issued by Dr. Santiago on June 1st, 2023.

53. The Plaintiff suffered actual harm, because he suffered physical injuries on his face, his shoulders, his arms, his legs and his back due to the negligent medical order to restrain the Plaintiff.

54. As a result of Defendants' tortious actions, Plaintiff has suffered and continue to suffer pain and mental anguish, amongst other damages.

**FIRST CAUSE OF ACTION**

**TORT CLAIMS, PERSONAL INJURY, FALSE IMPRISONMENT, INFLICTION OF EMOTIONAL DISTRESS, MEDICAL MALPRACTICE**

55. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

56. The Defendants had a duty to protect the Plaintiff from any particular injury, such as a negligent diagnosis.

57. The Defendants; personally, or through their employees, if any; were negligent in failing to provide an adequate diagnosis, treatment, medication and/or care to Plaintiff when he visited the VA on June 1st, 2023, in light of the generally recognized standards of medicine, and as such directly caused and/or contributed to Plaintiff's damages.

58. The Defendants; personally, or through their employees, if any; were required to exercise and use the degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession.

59. Notwithstanding the Defendants; personally, or through their employees, if any; failed to employ said degree of skill, failing to correctly diagnose and treat the symptoms exhibited by Plaintiff, pursuant to the existing state of medical knowledge, thereby departing from standard procedures resulting in a negligent treatment.

60. The Defendants; personally, or through their employees, if any; breached their duty to provide Plaintiff with acceptable health care, as measured by the standards of the profession, and to protect the Plaintiff from further physical, mental and emotional harm.

61. The Defendants; through their directors and/or officers; were negligent in failing to provide the proper supervision of the Defendants' doctors and also the medical personnel it employs or contracts, and otherwise failed to exercise due medical care, treatment and caution to

cure and prevent an increase of Plaintiff's injuries.

62. The Defendants not only failed to adequately select and supervise the Defendants' doctors, but permitted the use of its facilities, allowing, encouraging and condoning the negligent care and improper treatment of Plaintiff, proximately and directly causing Plaintiff's continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

63. Plaintiff's premature and/or improper seizure, restraint and involuntary hospitalization caused and/or contributed to the Plaintiff's damages for which the claim is made herein.

64. Plaintiff suffers and continues to suffer severe physical pain and suffering due to the Defendants; personally, or through their employees, if any; negligent care, inadequate treatment and total disregard for standard medical procedures.

65. Plaintiff suffers and continues to suffer severe mental stress and anguish due to the horrible experience he underwent because of the Defendants; personally or through their employees, if any; negligent care, inadequate treatment and total disregard for standard medical emergency procedures.

66. The inadequate medical treatment and care for the Plaintiff, by the Defendants; personally, or through their employees, if any; is the direct and proximate cause of Plaintiff's continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages

67. Defendants had a duty of reasonable care as a prudent and reasonable person under the circumstances in order to not cause harm to its patients, such as the Plaintiff.

68. Defendants breached their duty of reasonable care by not acting as a prudent and

reasonable person under the circumstances, thus causing harm to the Plaintiff.

69. Defendants' actions constitute an act or omission which caused damages to the Plaintiff. Said act or omission was incurred due to fault or negligence.

70. Defendants are liable to Plaintiff.

71. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

72. John & Jane Doe's are liable to Plaintiff.

73. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

74. Company ABC is liable to Plaintiff.

75. The Defendants are vicariously liable for damages caused by their doctors and/or employees in their service.

76. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

77. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

78. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

79. As a direct result of the acts and omissions of all the Defendants, Plaintiff suffers continuous and increasing severe physical pain and suffering, severe mental stress and anguish, and any other damages.

80. The Plaintiff's damages cannot be reasonably calculated at this time, but are estimated in an amount no less than five hundred thousand dollars ($500,000.00) as just compensation for his physical damages, pain and suffering, mental stress and anguish, past, present and future damages and any other damages this Court deems just.

## SECOND CAUSE OF ACTION

## INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

81. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

82. Insurance Company XYZ is directly, jointly and severally liable, along with the other Defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## ATTORNEYS FEES AND PREJUDGMENT INTEREST

83. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

84. Defendants are liable to Plaintiff for attorney's fees and costs pursuant to federal and state laws.

85. Defendant is liable for prejudgment interest pursuant to federal and state laws.

## DEMAND FOR JURY TRIAL

86. Plaintiff demand a trial by jury as to all claims and issues alleged herein.

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against all Defendants. This Court should grant

Plaintiff's Complaint in all respects and render a judgment in his favor, awarding Plaintiff the currently estimated damages of the amount no less than five hundred thousand dollars ($500,000.00).

2. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

3. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 20th day of February, 2025.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
        info.vrr@rcrtrblaw.com